(Hamilton County Probate Court.)

In re ESTATE OF SOPHIA HESS.

*Jurisdiction where executors have paid out money under a discretion granted by the will.*

In 1886, Sophia Hess died, leaving a will appointing Joseph Trounstine and Henry Hess as her executors. Among the provisions of the will it is directed that the executors hold in trust for the benefit of Hannah Hart, her sister, during her life, the sum of $2,500, the interest thereon to be paid to her during her life, and the principal to be paid to her children after her death. The will gives the executors a large discretion as to many things. They believed that by reason of the discretion vested in them, they had a right to pay the principal to Hannah Hart, and did so, fully protecting themselves, however, against any claim by taking an indemnity bond. They filed their final account, which was confirmed by the court in 1891. Now come two sons of Hannah Hart, Aaron and Henry Miller, who claim their share of the money which they contend was wrongfully paid their mother. She has since died, leaving these sons nothing. They asked for the appointment of an administrator de bonis non.

FERRIS, J.

*Held*, that the account filed cannot now be disturbed, and that the probate court has no jurisdiction in this kind of cases to determine whether the executors rightfully or wrongfully paid out this money as contended, and therefore can not say affirmatively that there is an unadministered estate, and can not grant the application for appointment of an administrator. Motion denied.

Adolph L. Brown, for the executors.

Keam & Keam and D. Murphy, for the application.

---

(Hamilton County Probate Court)

In re ESTATE OF MARGARET FALLON, Deceased.

*Where there are assets and debts of a decedent within the jurisdiction of the court asked to appoint an administrator, an appointment will be made regardless of the domicile of the decedent.*

Heard on application of Cassily C. Cook, a creditor, for appointment as administrator.

The decedent was matron of the City Hospital, Cincinnati, for a number of years. Her death occurred in Atlanta, Ga., where she held a position in the Aragon Hotel. She left quite an estate in this jurisdiction —street railway stock and other securities, and $2,000 in a building association. Mr. Cook applied in the capacity of a creditor for letters of administration. The application was resisted on the ground that the domicile of the decedent was in Atlanta, where an administrator of her estate has already been appointed. Depositions bearing on the question of domicile were taken at several different points, and counsel made extended arguments.

Judge Ferris in an oral decision, held that the question of domicile cut no figure; that where there are assets and debts in this jurisdiction, a creditor will not be required to go to Atlanta to prove his claim, but the estate which is here will be administered here.

Mr. Cook was thereupon appointed administrator.

Edwin Gholson for Cook; Aaron A. Ferris, contra.